**BRUSCO TUG & BARGE, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**International Organization of Masters, Mates & Pilots, ILA, AFL–CIO, Intervenor**

No. 15–1190

Consolidated with 15–1282

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: August 15, 2017

Michael T. Garone, Thomas M. Triplett, Schwabe, Williamson and Wyatt, Bend, OR, for Petitioner.

Julie B. Broido, Ruth E. Burdick, Linda Dreeben, John H. Ferguson, Michael Randall Hickson, National Labor Relations Board, Washington, DC, for Respondent.

James B. Coppess, AFL–CIO Office of General Counsel, Washington, DC, Gabriel A. Terrasa, Esquire, Terrasa & Stair, PA, Columbia, MD, for Intervenor.

Before: Rogers, Tatel and Pillard, Circuit Judges.

## JUDGMENT

Per Curiam

The court considered this petition on the record from the National Labor Relations Board and the briefs and arguments of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review of the decision of the National Labor Relations Board is **DENIED** and the Board's cross-application for enforcement is **GRANTED**.

Brusco Tug & Barge, Inc., petitions this court for review of the National Labor Relations Board's decision that it violated sections 8(a)(1) and (5) of the National Labor Relations Act (the Act), 29 U.S.C. § 158(a)(1), (5). The Board found that Brusco violated the Act by refusing to bargain with the International Organization of Masters, Mates & Pilots (the union), the certified representative of the mates, engineers, and deckhands working out of Brusco's Longview/Cathlamet, Washington port. The Board cross-applied for enforcement of its decision and order. We deny the petition for review and grant the Board's cross-application.

## I.

Brusco argues that the bargaining unit was incorrectly certified because its mates are supervisors under section 2(11) of the Act who lack the right to bargain collectively, so should have been excluded from the bargaining unit, *see* 29 U.S.C. § 152(11). Brusco argues that its mates qualify as supervisors because they exercise "independent judgment" in "assign[ing]" and "responsibly ... direct[ing]" deckhands and engineers. Pet'r Br. 39–48; *see also* 29 U.S.C. § 152(11) (enumerating twelve supervisory functions, including "assign" and "responsibly ... direct"). In Brusco's view, the Board also abused its discretion in denying Brusco's request to proffer new evidence related to the status of the mates.

The disposition of Brusco's certification challenge is dictated by our deferential standard of review, which requires that the court affirm the Board's findings as long as they are supported by substantial evidence. "[W]ith regard to the determination of supervisory status, given the large measure of informed discretion involved and the Board's corresponding expertise in this area, the substantial evidence test 'takes on special significance.'" *Alois Box Co. v. NLRB*, 216 F.3d 69, 72 (D.C. Cir. 2000) (quoting *Oil, Chem. & Atomic Workers Int'l Union, AFL–CIO v. NLRB*, 445 F.2d 237, 241 (D.C. Cir. 1971)).

The Board concluded, with substantial evidentiary support in the record, that Brusco's port captain assigns deckhands to particular ships and the mates make only obvious or self-evident work assignments that do not require independent judgment. *Brusco Tug & Barge, Inc.*, 19–RC–013872, at 5–7 (Dec. 14, 2012) (Decision and Order). Brusco's boats are often staffed with only one deckhand and one engineer, in which case the mate has no option to

choose between employees to perform significant tasks. *See Oakwood Healthcare*, 348 N.L.R.B. 686, 689, 693 (2006).

The Board's finding that Brusco mates do not responsibly direct other crew members was likewise supported by substantial evidence. Direction is considered "responsibl[e]" only when the supervisor is "fully accountable and responsible for the performance and work product of the employees he directs," meaning "some adverse consequence may befall" the supervisor if the employee does not perform properly. *Id.* at 691–92; *see Allied Aviation Serv. Co. v. NLRB*, 854 F.3d 55, 65 (D.C. Cir. 2017). The company, which bore the burden of proof on this issue, could not identify any occasion in which a mate was disciplined or faced adverse consequences because of a deckhand's poor performance. 854 F.3d at 65–66. Substantial record evidence supports the Board's decision that the mates are non-supervisory within the meaning of the Act, under the standard articulated in *Oakwood*, 348 N.L.R.B. 686.

## II.

In concluding that mates are non-supervisory, the Board adequately distinguished pre-*Oakwood* cases that classified mates or mate-equivalents as statutory supervisors. It found pre-*Oakwood* cases to be of "limited precedential value," particularly because the Board in *Oakwood* adopted the adverse-consequences element that it found Brusco had failed to satisfy. *See* 348 N.L.R.B. at 691–92. The Board also found the earlier cases distinguishable on their facts, because in the relevant precedent the crews were larger, creating more opportunity for mates to choose between employees to complete significant tasks. Decision and Order at 9 & n.20; *see Bernhardt Bros.*, 142 N.L.R.B. 851, 853–54 (1963); *Local 28*, 136 N.L.R.B. 1175, 1192 (1962).

Given those determinations and the Board's faithful application of the standards articulated in *Oakwood*, we conclude that it adequately cured the defect identified in our prior opinion. *See Brusco Tug & Barge Co. v. NLRB*, 247 F.3d 273, 278 (D.C. Cir. 2001).

## III.

Brusco also challenges the Board's denial of its request to submit new evidence about the status of mates at the company. New evidence of personnel turnover is not relevant to Brusco's claim because it is "well settled that post-election turnover is an insufficient ground to set aside an election" or "render a certification no longer appropriate." *Pearson Educ., Inc. v. NLRB*, 373 F.3d 127, 132–33 (D.C. Cir. 2004). This rule, though perhaps vexing to employers, is essential to the integrity of representation elections. "If an employer, dissatisfied with the upshot of a representation proceeding, could manufacture circumstances sufficient to require reconsideration simply by shifting duties around, then Board certifications would be little more than hollow gestures." *Telemundo de Puerto Rico, Inc. v. NLRB*, 113 F.3d 270, 277 n.5 (1st Cir. 1997).

If Brusco believes that its employees no longer wish to be represented by the union, it may file a petition to clarify the bargaining unit, *see* 29 C.F.R. § 102.60(b), or the current employees, after a period of bargaining, may seek to decertify the union, *see* 29 U.S.C. § 159(c)(1)(A)(ii); 29 C.F.R. § 102.60(a).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.